UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

JAKIEL CRAWFORD,  )
and all others similarly situated under 29  )
U.S.C. 216(B),  )
  )
       Plaintiff,  )
  vs.  )
  )
BAY BAYS CHICKEN & WAFFLES LLC,  )
ISRAEL G. JOHNSON.  )
  )
       Defendant.  )
_____

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME VIOLATION**

Plaintiff, JAKIEL CRAWFORD, on behalf of himself and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, files this Complaint against Defendants, BAY BAYS CHICKEN & WAFFLES LLC and ISRAEL G JOHNSON, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. Plaintiff JAKIEL CRAWFORD was a resident of Palm Beach County, Florida at the time this dispute arose.

3. The Defendant, BAY BAYS CHICKEN AND WAFFLES LLC is a corporation that regularly transacts business within Palm Beach County, Florida. Upon information and belief, the Defendant Corporation was the Plaintiff's FLSA employer during Plaintiff's employment ("the relevant time period").

4. The individual Defendant, ISRAEL G. JOHNSON, is a corporate officer and/or owner of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time

period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. The acts or omissions giving rise to this dispute took place in Palm Beach County, Florida.

## **COUNT I. FEDERAL OVERTIME VIOLATION**

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who has not been paid all wages owed for work performed from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Plaintiff, JAKIEL CRAWFORD, worked for Defendants as a cook from on or about October 1, 2014 through on or about January 30, 2016.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the goods and/or materials that Plaintiff used and/or handled on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so

closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

11. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $500,000 for the years 2014 and 2015 and is expected to exceed $500,000.00 for the year 2016.

12. Furthermore, Defendants regularly employed two or more employees during the relevant time period who handled materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

13. Plaintiff, JAKIEL CRAWFORD, worked for the Defendants as a cook from on or about October 1, 2014 through on or about January 30, 2016. Plaintiff was paid at the average hourly rate of $11.00 per hour for an average of 55 hours per week but was not paid time and a half overtime as required by law. Plaintiff therefore claims his unpaid halftime rate owed for each overtime hour worked.

14. Defendants willfully and intentionally refused to pay Plaintiff's wages as required by the Fair Labor Standards Act as Defendants knew of the requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests his unpaid wages owed, an equal amount in liquidated damages, and reasonable attorney fees from Defendants pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all wages still owing from Plaintiff's entire

employment periods with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

*The Plaintiff requests a trial by jury.*

                                      Respectfully Submitted,

                                      David Markel, Esq.
                                      The Markel Law Firm
                                      Attorney For Plaintiffs
                                      777 Brickell Avenue Suite 500
                                      Miami, Florida 33131
                                      Tel: (305) 458-1282
                                      Fax: (800)-407-1718
                                      Email: David.Markel@markel-law.com

                                      By:__/s/ David Markel_____
                                          David Markel, Esq.
                                          Florida Bar Number: 78306